**Kesington Olajide OSILAJA, Petitioner–Appellant,**

v.

**Alberto R. GONZALES, U.S. Attorney General; Michael Chertoff, Secretary, Department of Homeland Security, Respondents–Appellees.**

No. 05–20047.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Dec. 29, 2005.

Kesington Olajide Osilaja, Houston, TX, pro se.

1. Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2. We note that Osilaja originally sought review of the BIA order in the district court in a habeas action. However, during the pendency of the appeal from the district court Congress passed the REAL ID Act, effective March 11, 2005, which abolished habeas ju-

Dara Beth Less, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Respondents–Appellees.

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM: [1]

Kesington Olajide Osilaja seeks review [2] of the order requiring his removal. He contends that the Board of Immigration Appeals (BIA) wrongfully found him statutorily ineligible for discretionary relief from deportation under former § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). Reviewing the record *de novo* and giving deference to the BIA's permissible interpretations, *see INS v. Aguirre–Aguirre*, 526 U.S. 415, 424, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999), we affirm for the following reasons:

1. Former § 212(c) limits eligibility for discretionary relief to "aliens lawfully admitted for permanent residence." *See* 8 U.S.C. § 1182(c). Where permanent residency status is obtained by false pretenses the "legally admitted for permanent resident" requirement of former § 212(c) is not met. *See, e.g., Matter of Longstaff*, 716 F.2d 1439, 1441 (5th Cir.1983) (holding

risdiction in certain circumstances (including those presented here)and provided jurisdiction for review in the Circuit Courts. Consequently, under *Rosales v. Bureau of Immigration and Customs Enforcement*, "habeas petitions on appeal as of May 11, 2005, such as [Osilaja's], are properly converted into petitions for review." 426 F.3d 733, 736 (5th Cir.2005). Thus we treat Osilaja's appeal as a timely petition for review of the BIA's decision.

that "[a]dmission is not lawful if it is regular only in form. The term 'lawfully' denotes compliance with substantive legal requirements, not mere procedural regularity."); *Rodriguez v. Ashcroft,* 58 Fed. Appx. 596, 2003 WL 261829 (5th Cir. Jan.20, 2003); *see also Monet v. INS,* 791 F.2d 752, 753–54 (9th Cir.1986) (citing *Longstaff* and finding that Monett was never "lawfully admitted for permanent residence" and thus failed to meet the requirement of § 212(c) because he concealed his drug trafficking conviction).

2. The undisputed facts are that Osilaja was admitted in 1988 for *temporary* residence, not permanent residence as he asserts. In 1992 Osilaja applied for and obtained permanent residency status. However, Osilija obtained this status by concealing his 1990 narcotics convictions. Thus, because the 1992 grant of permanent residency was based on fraud, it fails to satisfy the "lawfully admitted for permanent resident" requirement of former § 212(c).

3. Because Osilaja fails to meet the eligibility requirements for relief under the former § 212(c), the BIA was not in error in denying Osilaja the relief he requested and, consequently, the petition for review is

DENIED.